# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In Re:

Contempo Florida Holidays Limited, Inc.  Case No.: 8:19-bk-11518-MGW
              Chapter 7 Case

  Debtors.
_____/

Douglas N. Menchise, Chapter 7 Trustee
  Plaintiff,

v.             Adv. Pro. No.: 8:20-ap-_____

Virgin Holidays Limited, a London Limited
Partnership d/b/a Virgin Holidays,
  Defendants.
_____/

## COMPLAINT

  Douglas N. Menchise, as Chapter 7 Trustee (the **"Trustee"**), by and through the undersigned counsel, hereby files this Complaint against Virgin Holidays Limited, a London Limited Partnership d/b/a Virgin Holidays (**"Virgin"**), and states as follows:

## I.  NATURE OF ACTION

  1.  This is an adversary proceeding seeking damages for breach of contract, account stated, avoidance of fraudulent transfers and liability of transferee of an avoided transfer all against Virgin.

## II.  JURISDICTION AND VENUE

  2.  This is an adversary proceeding brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (**"Bankruptcy Rules"**), §§ 105, 541, 544, 548, and 550 of the

Bankruptcy Code, seeking damages and other relief related to the Debtor, Contempo Florida Holiday Limited, Inc.'s property.

3.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5.  This adversary proceeding relates to the chapter 7 case of Contempo Florida Holidays Limited, Inc., Case No. 8:19-bk-11518-MGW.

6.  This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b) and the Court may enter final orders for the matters contained herein.

7.  To the extent that any claim asserted herein constitutes a non-core proceeding and/or if this Court lacks constitutional authority to enter a final judgment on any claim asserted herein, the Trustee hereby consents to the entry of final orders and judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7008.

## III.   THE PARTIES

8.  Defendant Virgin Holidays Limited, a London Limited Partnership d/b/a Virgin Holidays is based in the United Kingdom, but operated in Florida in connection with Contempo Florida Holidays Limited, Inc.'s (**"Contempo"** or **"Debtor"**) business.

9.  At all relevant times hereto, Virgin was doing business in the state of Florida.

10.  Virgin also negotiated and executed the subject contracts with Contempo in Florida.

11.  Contempo is a Florida corporation whose principal place of business is in Davenport, Florida.

### IV.     FACTUAL BACKGROUND

12.     Contempo operated a vacation-home rental agency offering various services to facilitate guest accommodations and travel stays in and around Florida.

13.     Having built an expertise in guest and travel accommodations, Contempo entered into discussions with Virgin to assist Virgin with managing its customers' travel stays in Florida and providing those customers vacation rentals in Florida.

14.     Thereafter, Virgin entered a series of agreements with Contempo through which Contempo assisted Virgin by providing accommodations for and services to Virgins' customers.

15.     Specifically, Virgin and Contempo executed an agreement entitled Orlando Select Villas by Contempo on February 8, 2019, in Florida (the **"Contract"**). The Contract had an effective period from January 1, 2019 through December 31, 2020. A true and correct copy of the executed Contract is attached hereto as **Exhibit "A"**.

16.     The Contract provided that Contempo would make a number of three to seven-bedroom properties available to Virgins' Customers in exchange for a specified rate per night for occupation and use. Contempo provided Virgin accommodations and services in accord with the reservation details Virgin transmitted to Contempo for each of Virgin's customers.

17.     Additionally, the Contract contained a rate table covering various other fees for services and amenities, and specifying their costs, such as pool heating, highchairs, baby cots, or other items enumerated the fee and billing structure.

18.     The Contract further provided that "Standard payment terms [were] 30 days" from "receipt of invoice," except for enumerated periods when that payment term was shortened to fourteen (14) days.[1]

---

[1] *See* Exhibit A, p. 7, p. 9, Section 5.4.

19.     Contempo would invoice Virgin directly for each reservation Virgin's customers booked at any of Contempo's locations, less a three percent (3%) revenue over-ride.

20.     Pursuant to the Contract, Contempo continued to accommodate various customers of Virgin at Contempo's properties. These customers also received various services such as food items, housekeeping services, and other rentals, such as barbecue grills—which were to be paid for by Virgin.

21.     Notwithstanding, and beginning in August, 2019, Virgin began failing to remit payment for such invoices directed and sent to Virgin.

22.     Specifically, Contempo sent monthly invoices to Virgin requesting payment from it for services provided by Contempo to Virgin's customers, and contemplated in the parties' Contract, including but not limited to, food, equipment rentals, and cleaning services (collectively the "Contractual Services"),  none of which were paid, to include:

    a.  An invoice for Contractual Services provided to Virgin's customers in July, 2019 for $4,935.66. A true and correct copy of this invoice is attached hereto as **Exhibit "B"**;

    b.  An invoice for Contractual Services provided to Virgin's customers in August, 2019 for $4,421.12. A true and correct copy of this invoice is attached hereto as **Exhibit "C"**;

    c.  An invoice for Contractual Services provided to Virgin's customers in October, 2019 for $20,932.90. A true and correct copy of this invoice is attached hereto as **Exhibit "D"**;

    d.   An invoice for Contractual Services provided to Virgin's customers in November, 2019 for $2,532.00. A true and correct copy of this invoice is attached hereto as **Exhibit "E"**.

23.    Those invoices submitted to Virgin and related to the Contractual Services, all of which remain unpaid, total $32,821.68.

24.    Additionally, Contempo sent $829,479.30 in invoices to Virgin requesting payment for those travel accommodations and other housing rentals Virgins' customers utilized during their vacation stays between August 31, 2019 and December 31, 2019—as contemplated by the parties' Contract (the **"Accounts Receivable,"** or together with the $32,821.68 billed for Contractual Services, the **"Property"**). None of these invoices were paid by Virgin.

25.    As a result, Virgin is indebted to Contempo in at least the sum of $862,300.98, along with interest, costs and legal fees.

26.    On December 5, 2019, Contempo filed its voluntary petition for relief under Chapter 7 of Title 11of the United States Bankruptcy Code.

V.        **CLAIMS FOR RELIEF**

## COUNT I – BREACH OF CONTRACT

27.       The Trustee re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.       This is an action for breach of contract against Virgin.

29.       Upon commencement of this bankruptcy case, and on the Petition Date, all legal and equitable interests of Contempo, including the Contract and all right arising thereunder, became property of the estate pursuant to 11 U.S.C. § 541(a)(1).

30.       Accordingly, the Trustee is entitled to pursue such causes of action against Virgin on behalf of and for the benefit of Contempo.

31.       Contempo's Contract with Virgin required that payment for all accommodations or other services rendered by Contempo, including Contractual Services, are due within thirty (30) days of receipt of any invoice, or within a shorter fourteen (14) days if occurring during a specified term in the Contract.

32.       Throughout July, August, October, November, and December 2019, Contempo furnished and sent various invoices to Virgin for Contractual Services rendered and other accommodations provided to Virgins' customers.

33.       Virgin failed to object to the amounts due under the invoices or to the invoices' validity.

34.       Notwithstanding, and in contravention of the Contract, Virgin failed to remit payment on any of the invoices for Contractual Services or Virgin's customers other housing accommodations, all of which totaled at least the sum of $862,300.98, along with interest, costs and legal fees.

35.     Virgin's lack of payment constituted a material breach of the Contract.

36.     Contempo was harmed by this breach, which resulted in Contempo possessing unreasonably small capital to continue its business operations and pay its creditors, and ultimately precipitated Contempo's bankruptcy filing.

37.     To date, Virgin failed to remit payment on these various invoices in contravention of the Contract.

**WHEREFORE**, the Trustee respectfully requests the Court to award damages to Contempo and against Virgin in an appropriate amount, along with interest, costs and legal fees and for such other relief as is just and necessary.


## COUNT II – ACCOUNT STATED

38.     The Trustee re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

39.     This is an action for account stated against Virgin.

40.     Upon commencement of this bankruptcy case, and on the Petition Date, all legal and equitable interests of Contempo, including the Contract and all right arising thereunder, became property of the estate pursuant to 11 U.S.C. § 541(a)(1).

41.     Accordingly, the Trustee is entitled to pursue such causes of action against Virgin on behalf of and for the benefit of Contempo.

42.     Contempo's Contract with Virgin required that payment for all accommodations or other services rendered by Contempo, including Contractual Services, are due within thirty (30) days of receipt of any invoice, or within a shorter fourteen (14) days if occurring during a specified term in the Contract.

43.     Throughout July, August, October, November, and December 2019, Contempo furnished and sent various invoices to Virgin for Contractual Services rendered and other accommodations provided to Virgins' customers.

44.     Virgin failed to object to the amounts due as invoiced or to object to the invoices' validity.

45.     Nonetheless, Virgin has failed to remit payment on these invoices.

46.     Virgin owes Contempo at least the sum of $862,300.98, along with interest, costs and legal fees.

**WHEREFORE**, the Trustee respectfully requests the Court to award damages to Contempo and against Virgin in an appropriate amount, along with interest, and for such other relief as is just and necessary.


## <u>COUNT III – ACCOUNTING</u>

47.     The Trustee re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

48.     In order to quantify the amount of assets and funds possessed by third parties, fraudulently conveyed or converted, an accounting is needed of: (i) all transfers of assets and funds from Virgin to the Debtor or any third party and (ii) all revenue generated and expenses incurred by Virgin from the Petition Date to the present date, as well as any additional appreciation, interest, profits, and other enhancements resulting therefrom.

49.     Complete information regarding the transfers, income, and expenses is within the possession, custody, and control of Virgin.

50.     These issues involve complicated and extensive accounts previously withheld from the Trustee and it is not clear that the remedy at law would be as full, adequate, and expeditious as it is in equity.

51.     The Trustee lacks an adequate remedy at law.

52.     As such, the Defendants must account to the Trustee for all property comprising Contempo in the custodial possession of the Virgin.

**WHEREFORE**, the Trustee respectfully requests the Court to order either an equitable or statutory accounting from the Debtor, Virgin, and all other entities they own, operate, or control concerning the Debtor's account receivables and other business transactions with Virgin and providing such other and further relief as the Court may deem just and proper.

## COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFER PER § 548(a)(B)

53.     The Trustee re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

54.     This is an action for avoidance of a fraudulent transfer against Virgin pursuant to Section 544 and 548 of the Bankruptcy Code.

55.     Contempo transferred the use and enjoyment of its housing and other properties to Virgin's customers on multiple occasions between August 31, 2019 and December 31, 2019 (the "Contempo Transfers").

56.     The Contempo Transfers were a transfer of an asset or property of the Debtor within the meaning of § 544(b)(1) of the Bankruptcy Code.

57.     The Contempo Transfers constitute avoidable fraudulent transfers because they:

a.  were a transfer of an interest of the Debtor in property, namely the use and enjoyment of the Debtor's property;

b.  occurred on dates throughout August 31, 2019 and December 31, 2019, all of which are within four (4) years of the Petition Date, and;

c.  were all transfers for which the Debtor received less than reasonable equivalent value in exchange—as Contempo received no payments and no other value in exchange.

58.  Further the Contempo Transfers were made at a time when Contempo was insolvent or, at the very least, resulted in Contempo's insolvency.

59.  Specifically, the Contempo Transfers occurred despite Virgin's continuing non-payment resulting in Contempo possessing unreasonably small capital to continue its business operations and ultimately precipitated Contempo's bankruptcy filing.

60.  Even without this, and at the very least, Contempo was rendered insolvent by the Contempo Transfers because no equivalent value (much less no reasonably equivalent value) in exchange was provided by Virgin.

61.  As set forth in the foregoing paragraphs, the Contempo Transfers were fraudulent transfers under § 548(a)(B), and is therefore avoidable pursuant to § 544 of the Bankruptcy Code and recoverable from Virgin.

**WHEREFORE**, the Trustee respectfully requests the Court to avoid those Contempo Transfers made by Contempo to Virgin, and for such other relief as is just and necessary

## COUNT V – RECOVERY OF AVOIDED TRANSFERS PER §550(A)(1)

62.    The Trustee re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

63.    The Trustee specifically incorporates the allegations contained in Counts IV, which establish that the Contempo Transfers are avoidable pursuant to the Bankruptcy Code.

64.    This is an action to recover the Contempo Transfers, or their value, pursuant to 11 U.S.C. § 550(a).

65.    To the extent the Contempo Transfers are avoided as requested herein, § 550 entitles the Trustee to recover the fraudulently-transferred property, or its value, from the immediate transferee or the entity for whose benefit such transfer was made, or from any immediate or mediate transferee.

66.    The Contempo Transfers are avoidable transfers that may be recovered for the benefit of the Debtor's Estate.

67.    As alleged herein, Virgin is an entity for whose benefit the Contempo Transfers were made, and such transfers made to them are avoidable pursuant to §§ 544 and 548.

68.    Virgin was the initial or mediate transferee of the Contempo Transfers, and such transfers were to or for Virgin's benefit.

69.    As Contempo owed nothing to Virgin, Virgin did not utilize the Contempo Transfers for value to satisfy or secure a present or antecedent debt.

70.    Accordingly, 11 U.S.C. § 550(a) allows the Trustee to recover the Contempo Transfers or their value from Virgin, plus interest thereon to the date of payment and the costs and legal fees  of this action, for the benefit of the Debtor's Estate.

**WHEREFORE**, the Trustee respectfully requests the Court to award damages to Contempo and against Virgin in an appropriate amount, along with interest, and for such other relief as is just and necessary

Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

BY:  /s/ Steven M. Berman
        **STEVEN M. BERMAN, ESQ.**
        Florida Bar No.:  856290
        Primary E-Mail: sberman@shumaker.com
        Secondary E-Mail: khunter@shumaker.com
        101 E. Kennedy Blvd., Suite 2800
        Tampa, Florida 33602
        Phone (813) 229-7600
        Facsimile (813) 229-1660
        *Counsel for Trustee Douglas M. Menchise,*
        *Ch. 7 Trustee*

# Exhibit A



| **Orlando Select Villas by Contempo (Superior 738** | | **Date** | 08 Feb 19 |
| **Contract: FL/738/01.2019/00 Ver 3 P** | | **Period** | 01 Jan 19 - 31 Dec 20 |
| Samantha Longster | | **Currency** | USD |
| Contempo Plaza, 43344 Hwy. 27, | | **Total Units** | 0 |
| Davenport, Florida , 33837 | | **Tax Status** | Rates Inclusive of Tax |
| Tel: ███████ 3326 Fax: ████████ 9564 | | **Arrival Days** | Mon, Tue, Wed, Thu, Fri, Sat, Sun |
| Email: ████████ | | **Companies** | Travel City Direct, Virgin Holidays |
| Website: www.contempoVacationHomes.com | | | |

It is hereby agreed that the hotelier will put the following accommodation and services at the operator's disposal in accordance with the terms and conditions of this agreement.

---

**Company Holding Name**

For the purpose of this contract the "Hotelier" means Contempo Vacation Homes trading as Select Orlando Area Homes

---

**Units**

| Unit # | Room Description | Meal Basis | Occupancy | | | Adult | | Child | | Infants | Child Ages |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Min | Std | Max | Min | Max | Min | Max | | 1st |
| 1 | Three Bedroom House | Self Catering | 1 | 6 | 6 | 1 | 6 | 0 | 5 | Infants Allowed Over Max Occupancy | 2 - 16 |
| 2 | Four Bedroom House | Self Catering | 1 | 8 | 8 | 1 | 8 | 0 | 7 | Infants Allowed Over Max Occupancy | 2 - 16 |
| 3 | Five Bedroom House | Self Catering | 1 | 10 | 10 | 1 | 10 | 0 | 9 | Infants Allowed Over Max Occupancy | 2 - 16 |
| 4 | Six Bedroom House | Self Catering | 1 | 12 | 12 | 1 | 12 | 0 | 11 | Infants Allowed Over Max Occupancy | 2 - 16 |
| 5 | Seven Bedroom House | Self Catering | 1 | 12 | 14 | 1 | 14 | 0 | 13 | Infants Allowed Over Max Occupancy | 2 - 16 |

DocuSign Envelope ID: 819A4F25-4845-4AE0-817A-875FC9AFB87A

## Rates

| Unit | Start Date | End Date | Unit pn |
|---|---|---|---|
| 1. Three Bedroom House | 01 Jan 19 | 05 Jan 19 | 149.48 |
| | 06 Jan 19 | 10 Feb 19 | 94.85 |
| | 11 Feb 19 | 21 Mar 19 | 105.15 |
| | 22 Mar 19 | 04 Apr 19 | 139.18 |
| | 05 Apr 19 | 28 Apr 19 | 149.48 |
| | 29 Apr 19 | 30 Jun 19 | 94.85 |
| | 01 Jul 19 | 04 Sep 19 | 139.18 |
| | 05 Sep 19 | 13 Oct 19 | 94.85 |
| | 14 Oct 19 | 31 Oct 19 | 139.18 |
| | 01 Nov 19 | 18 Dec 19 | 94.85 |
| | 19 Dec 19 | 05 Jan 20 | 149.48 |
| | 06 Jan 20 | 10 Feb 20 | 94.85 |
| | 11 Feb 20 | 12 Mar 20 | 105.15 |
| | 13 Mar 20 | 26 Mar 20 | 139.18 |
| | 27 Mar 20 | 18 Apr 20 | 149.48 |
| | 19 Apr 20 | 30 Jun 20 | 105.15 |
| | 01 Jul 20 | 04 Sep 20 | 139.18 |
| | 05 Sep 20 | 13 Oct 20 | 94.85 |
| | 14 Oct 20 | 31 Oct 20 | 139.18 |
| | 01 Nov 20 | 18 Dec 20 | 94.85 |
| | 19 Dec 20 | 31 Dec 20 | 149.48 |
| **Unit** | **Start Date** | **End Date** | **Unit pn** |
| 2. Four Bedroom House | 01 Jan 19 | 05 Jan 19 | 156.70 |
| | 06 Jan 19 | 10 Feb 19 | 101.03 |
| | 11 Feb 19 | 21 Mar 19 | 113.40 |
| | 22 Mar 19 | 04 Apr 19 | 149.48 |
| | 05 Apr 19 | 28 Apr 19 | 156.70 |
| | 29 Apr 19 | 30 Jun 19 | 101.03 |
| | 01 Jul 19 | 04 Sep 19 | 149.48 |
| | 05 Sep 19 | 13 Oct 19 | 101.03 |
| | 14 Oct 19 | 31 Oct 19 | 149.48 |
| | 01 Nov 19 | 18 Dec 19 | 101.03 |
| | 19 Dec 19 | 05 Jan 20 | 156.70 |
| | 06 Jan 20 | 10 Feb 20 | 101.03 |
| | 11 Feb 20 | 12 Mar 20 | 113.40 |
| | 13 Mar 20 | 26 Mar 20 | 149.48 |
| | 27 Mar 20 | 18 Apr 20 | 156.70 |
| | 19 Apr 20 | 30 Jun 20 | 113.40 |
| | 01 Jul 20 | 04 Sep 20 | 149.48 |
| | 05 Sep 20 | 13 Oct 20 | 101.03 |
| | 14 Oct 20 | 31 Oct 20 | 149.48 |
| | 01 Nov 20 | 18 Dec 20 | 101.03 |
| | 19 Dec 20 | 31 Dec 20 | 156.70 |
| **Unit** | **Start Date** | **End Date** | **Unit pn** |
| 3. Five Bedroom House | 01 Jan 19 | 05 Jan 19 | 172.16 |
| | 06 Jan 19 | 10 Feb 19 | 113.40 |
| | 11 Feb 19 | 21 Mar 19 | 129.90 |
| | 22 Mar 19 | 04 Apr 19 | 164.95 |
| | 05 Apr 19 | 28 Apr 19 | 172.16 |
| | 29 Apr 19 | 30 Jun 19 | 129.90 |
| | 01 Jul 19 | 04 Sep 19 | 164.95 |
| | 05 Sep 19 | 13 Oct 19 | 113.40 |
| | 14 Oct 19 | 31 Oct 19 | 164.95 |
| | 01 Nov 19 | 18 Dec 19 | 113.40 |
| | 19 Dec 19 | 05 Jan 20 | 172.16 |
| | 06 Jan 20 | 10 Feb 20 | 113.40 |
| | 11 Feb 20 | 12 Mar 20 | 129.90 |
| | 13 Mar 20 | 26 Mar 20 | 164.95 |
| | 27 Mar 20 | 18 Apr 20 | 172.16 |
| | 19 Apr 20 | 30 Jun 20 | 129.90 |
| | 01 Jul 20 | 04 Sep 20 | 164.95 |
| | 05 Sep 20 | 13 Oct 20 | 113.40 |
| | 14 Oct 20 | 31 Oct 20 | 164.95 |
| | 01 Nov 20 | 18 Dec 20 | 113.40 |
| | 19 Dec 20 | 31 Dec 20 | 172.16 |
| **Unit** | **Start Date** | **End Date** | **Unit pn** |
| 4. Six Bedroom House | 01 Jan 19 | 05 Jan 19 | 236.08 |
| | 06 Jan 19 | 10 Feb 19 | 170.10 |
| | 11 Feb 19 | 21 Mar 19 | 170.10 |
| | 22 Mar 19 | 04 Apr 19 | 224.74 |
| | 05 Apr 19 | 28 Apr 19 | 236.08 |
| | 29 Apr 19 | 30 Jun 19 | 170.10 |
| | 01 Jul 19 | 04 Sep 19 | 224.74 |
| | 05 Sep 19 | 13 Oct 19 | 170.10 |
| | 14 Oct 19 | 31 Oct 19 | 224.74 |
| | 01 Nov 19 | 18 Dec 19 | 170.10 |
| | 19 Dec 19 | 05 Jan 20 | 236.08 |
| | 06 Jan 20 | 10 Feb 20 | 170.10 |
| | 11 Feb 20 | 12 Mar 20 | 170.10 |
| | 13 Mar 20 | 26 Mar 20 | 224.74 |
| | 27 Mar 20 | 18 Apr 20 | 236.08 |
| | 19 Apr 20 | 30 Jun 20 | 170.10 |
| | 01 Jul 20 | 04 Sep 20 | 224.74 |
| | 05 Sep 20 | 13 Oct 20 | 170.10 |
| | 14 Oct 20 | 31 Oct 20 | 224.74 |

|  |  |  |  |
|---|---|---|---|
|  | 01 Nov 20 | 18 Dec 20 | 170.10 |
|  | 19 Dec 20 | 31 Dec 20 | 236.08 |
| **Unit** | **Start Date** | **End Date** | **Unit pn** |
| 5. Seven Bedroom House | 01 Jan 19 | 05 Jan 19 | 319.59 |
|  | 06 Jan 19 | 10 Feb 19 | 226.80 |
|  | 11 Feb 19 | 21 Mar 19 | 226.80 |
|  | 22 Mar 19 | 04 Apr 19 | 308.25 |
|  | 05 Apr 19 | 28 Apr 19 | 319.59 |
|  | 29 Apr 19 | 30 Jun 19 | 226.80 |
|  | 01 Jul 19 | 04 Sep 19 | 308.25 |
|  | 05 Sep 19 | 13 Oct 19 | 226.80 |
|  | 14 Oct 19 | 31 Oct 19 | 308.25 |
|  | 01 Nov 19 | 18 Dec 19 | 226.80 |
|  | 19 Dec 19 | 05 Jan 20 | 319.59 |
|  | 06 Jan 20 | 10 Feb 20 | 226.80 |
|  | 11 Feb 20 | 12 Mar 20 | 226.80 |
|  | 13 Mar 20 | 26 Mar 20 | 308.25 |
|  | 27 Mar 20 | 18 Apr 20 | 319.59 |
|  | 19 Apr 20 | 30 Jun 20 | 226.80 |
|  | 01 Jul 20 | 04 Sep 20 | 308.25 |
|  | 05 Sep 20 | 13 Oct 20 | 226.80 |
|  | 14 Oct 20 | 31 Oct 20 | 308.25 |
|  | 01 Nov 20 | 18 Dec 20 | 226.80 |
|  | 19 Dec 20 | 31 Dec 20 | 319.59 |

**Key:**    Unit pn = Unit Per Night

Virgin............................

Hotelier..............................

## Supplements

| Unit # | Description | Pricing Type | W\E | Sup Length | Num Pax | Hol Length | Start Date | End Date | Value |
|--------|-------------|--------------|-----|-----------|---------|-----------|-----------|----------|-------|
| All | Pool Heating (pupw) | Optional | | All | All | All | 01 Jan 19 | 30 Apr 19 | 245.00 |
| | | Optional | | | | | 01 Nov 19 | 30 Apr 20 | 245.00 |
| | | Optional | | | | | 01 Nov 20 | 31 Dec 20 | 245.00 |
| | Baby Cot (Crib) (pupw) | Optional | | All | All | All | 01 Jan 19 | 31 Dec 20 | 48.00 |
| | Highchair (pupw) | Optional | | All | All | All | 01 Jan 19 | 31 Dec 20 | 48.00 |

**Notes:**  1. Pool heat can be pre-booked from November to April @ $35 per day, min of 7 nights.

## Min Max Stay

| Unit # | Start Date | End Date | Min | Max |
|--------|-----------|----------|-----|-----|
| All | 01 Jan 19 | 31 Dec 20 | 7 | |

## Close Out

| Unit # | Start Date | End Date |
|--------|-----------|----------|
| All | 01 Jan 20 | 31 Dec 20 |

## Facilities

| Unit # | Air | Bab | Bat | Bed | FRI | HAI | Hea | Iro | Kit | Mic | Pri | Roo | Ser | Sho | TV | Tow |
|--------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|----|-----|
| All | ✓ | ✓‡ | ✓ | ✓† | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓Ⅱ | ✓‖ | ✓ | ✓ | ✓⊦ |

**Key:**  Air = Air conditioning, Bab = Baby Cot/Crib, Bat = Bath, Bed = Bedlinen Change, FRI = Fridge, HAI = Hairdryer, Hea = Heating,
Iro = Iron & Ironing Board, Kit = Kitchen (ette), Mic = Microwave, Pri = Private bathroom, Roo = Room Cleaning, Ser = Service & Housekeeping,
Sho = Shower, TV = TV, Tow = Towel Change
‡ = $48 per week payable locally , † = On arrival , Ⅱ = On arrival , ‖ = On arrival , ⊦ = On arrival

Virgin...........................

Hotelier...........................

| Allocation & Release | | | Allocation | | Release | |
|---|---|---|---|---|---|---|
| Unit # | Start Date | End Date | VHOLS | On Req | Units | Days |
| 1 | 01 Jan 19 | 05 Jan 19 | 35 | No | All | 21 |
| | 06 Jan 19 | 10 Feb 19 | 35 | No | All | 14 |
| | 11 Feb 19 | 21 Mar 19 | 35 | No | All | 14 |
| | 22 Mar 19 | 04 Apr 19 | 35 | No | All | 21 |
| | 05 Apr 19 | 28 Apr 19 | 35 | No | All | 21 |
| | 29 Apr 19 | 30 Jun 19 | 35 | No | All | 14 |
| | 01 Jul 19 | 04 Sep 19 | 35 | No | All | 21 |
| | 05 Sep 19 | 13 Oct 19 | 35 | No | All | 14 |
| | 14 Oct 19 | 31 Oct 19 | 35 | No | All | 21 |
| | 01 Nov 19 | 18 Dec 19 | 35 | No | All | 14 |
| | 19 Dec 19 | 05 Jan 20 | 35 | No | All | 21 |
| | 06 Jan 20 | 10 Feb 20 | 35 | No | All | 14 |
| | 11 Feb 20 | 12 Mar 20 | 35 | No | All | 14 |
| | 13 Mar 20 | 26 Mar 20 | 35 | No | All | 21 |
| | 27 Mar 20 | 18 Apr 20 | 35 | No | All | 21 |
| | 19 Apr 20 | 30 Jun 20 | 35 | No | All | 14 |
| | 01 Jul 20 | 04 Sep 20 | 35 | No | All | 21 |
| | 05 Sep 20 | 13 Oct 20 | 35 | No | All | 14 |
| | 14 Oct 20 | 31 Oct 20 | 35 | No | All | 214 |
| | 01 Nov 20 | 18 Dec 20 | 35 | No | All | 14 |
| | 19 Dec 20 | 31 Dec 20 | 35 | No | All | 21 |
| 2 | 01 Jan 19 | 05 Jan 19 | 75 | No | All | 21 |
| | 06 Jan 19 | 10 Feb 19 | 75 | No | All | 14 |
| | 11 Feb 19 | 21 Mar 19 | 75 | No | All | 14 |
| | 22 Mar 19 | 04 Apr 19 | 75 | No | All | 21 |
| | 05 Apr 19 | 28 Apr 19 | 75 | No | All | 21 |
| | 29 Apr 19 | 30 Jun 19 | 75 | No | All | 14 |
| | 01 Jul 19 | 04 Sep 19 | 75 | No | All | 21 |
| | 05 Sep 19 | 13 Oct 19 | 75 | No | All | 14 |
| | 14 Oct 19 | 31 Oct 19 | 75 | No | All | 21 |
| | 01 Nov 19 | 18 Dec 19 | 75 | No | All | 14 |
| | 19 Dec 19 | 05 Jan 20 | 75 | No | All | 21 |
| | 06 Jan 20 | 10 Feb 20 | 75 | No | All | 14 |
| | 11 Feb 20 | 12 Mar 20 | 75 | No | All | 14 |
| | 13 Mar 20 | 26 Mar 20 | 75 | No | All | 21 |
| | 27 Mar 20 | 18 Apr 20 | 75 | No | All | 21 |
| | 19 Apr 20 | 30 Jun 20 | 75 | No | All | 14 |
| | 01 Jul 20 | 04 Sep 20 | 75 | No | All | 21 |
| | 05 Sep 20 | 13 Oct 20 | 75 | No | All | 14 |
| | 14 Oct 20 | 31 Oct 20 | 75 | No | All | 21 |
| | 01 Nov 20 | 18 Dec 20 | 75 | No | All | 14 |
| | 19 Dec 20 | 31 Dec 20 | 75 | No | All | 21 |
| 3 | 01 Jan 19 | 05 Jan 19 | 30 | No | All | 21 |
| | 06 Jan 19 | 10 Feb 19 | 30 | No | All | 14 |
| | 11 Feb 19 | 21 Mar 19 | 30 | No | All | 14 |
| | 22 Mar 19 | 04 Apr 19 | 30 | No | All | 21 |
| | 05 Apr 19 | 28 Apr 19 | 30 | No | All | 21 |
| | 29 Apr 19 | 30 Jun 19 | 30 | No | All | 14 |
| | 01 Jul 19 | 04 Sep 19 | 30 | No | All | 21 |
| | 05 Sep 19 | 13 Oct 19 | 30 | No | All | 14 |
| | 14 Oct 19 | 31 Oct 19 | 30 | No | All | 21 |
| | 01 Nov 19 | 18 Dec 19 | 30 | No | All | 14 |
| | 19 Dec 19 | 05 Jan 20 | 30 | No | All | 21 |
| | 06 Jan 20 | 10 Feb 20 | 30 | No | All | 14 |
| | 11 Feb 20 | 12 Mar 20 | 30 | No | All | 14 |
| | 13 Mar 20 | 26 Mar 20 | 30 | No | All | 21 |
| | 27 Mar 20 | 18 Apr 20 | 30 | No | All | 21 |
| | 19 Apr 20 | 30 Jun 20 | 30 | No | All | 14 |
| | 01 Jul 20 | 04 Sep 20 | 30 | No | All | 21 |
| | 05 Sep 20 | 13 Oct 20 | 30 | No | All | 14 |
| | 14 Oct 20 | 31 Oct 20 | 30 | No | All | 21 |
| | 01 Nov 20 | 18 Dec 20 | 30 | No | All | 14 |
| | 19 Dec 20 | 31 Dec 20 | 30 | No | All | 21 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4 | 01 Jan 19 | 05 Jan 19 | 4 | No | All | 21 |
| | 06 Jan 19 | 10 Feb 19 | 4 | No | All | 14 |
| | 11 Feb 19 | 21 Mar 19 | 4 | No | All | 14 |
| | 22 Mar 19 | 04 Apr 19 | 4 | No | All | 21 |
| | 05 Apr 19 | 28 Apr 19 | 4 | No | All | 21 |
| | 29 Apr 19 | 30 Jun 19 | 4 | No | All | 14 |
| | 01 Jul 19 | 04 Sep 19 | 4 | No | All | 21 |
| | 05 Sep 19 | 13 Oct 19 | 4 | No | All | 14 |
| | 14 Oct 19 | 31 Oct 19 | 4 | No | All | 21 |
| | 01 Nov 19 | 18 Dec 19 | 4 | No | All | 14 |
| | 19 Dec 19 | 05 Jan 20 | 4 | No | All | 21 |
| | 06 Jan 20 | 10 Feb 20 | 4 | No | All | 14 |
| | 11 Feb 20 | 12 Mar 20 | 4 | No | All | 14 |
| | 13 Mar 20 | 26 Mar 20 | 4 | No | All | 21 |
| | 27 Mar 20 | 18 Apr 20 | 4 | No | All | 21 |
| | 19 Apr 20 | 30 Jun 20 | 4 | No | All | 14 |
| | 01 Jul 20 | 04 Sep 20 | 4 | No | All | 21 |
| | 05 Sep 20 | 13 Oct 20 | 4 | No | All | 14 |
| | 14 Oct 20 | 31 Oct 20 | 4 | No | All | 21 |
| | 01 Nov 20 | 18 Dec 20 | 4 | No | All | 14 |
| | 19 Dec 20 | 31 Dec 20 | 4 | No | All | 21 |
| 5 | 01 Jan 19 | 05 Jan 19 | 1 | No | All | 21 |
| | 06 Jan 19 | 10 Feb 19 | 1 | No | All | 14 |
| | 11 Feb 19 | 21 Mar 19 | 1 | No | All | 14 |
| | 22 Mar 19 | 04 Apr 19 | 1 | No | All | 21 |
| | 05 Apr 19 | 28 Apr 19 | 1 | No | All | 21 |
| | 29 Apr 19 | 30 Jun 19 | 1 | No | All | 14 |
| | 01 Jul 19 | 04 Sep 19 | 1 | No | All | 21 |
| | 05 Sep 19 | 13 Oct 19 | 1 | No | All | 14 |
| | 14 Oct 19 | 31 Oct 19 | 1 | No | All | 21 |
| | 01 Nov 19 | 18 Dec 19 | 1 | No | All | 14 |
| | 19 Dec 19 | 05 Jan 20 | 1 | No | All | 21 |
| | 06 Jan 20 | 10 Feb 20 | 1 | No | All | 14 |
| | 11 Feb 20 | 12 Mar 20 | 1 | No | All | 14 |
| | 13 Mar 20 | 26 Mar 20 | 1 | No | All | 21 |
| | 27 Mar 20 | 18 Apr 20 | 1 | No | All | 21 |
| | 19 Apr 20 | 30 Jun 20 | 1 | No | All | 14 |
| | 01 Jul 20 | 04 Sep 20 | 1 | No | All | 21 |
| | 05 Sep 20 | 13 Oct 20 | 1 | No | All | 14 |
| | 14 Oct 20 | 31 Oct 20 | 1 | No | All | 21 |
| | 01 Nov 20 | 18 Dec 20 | 1 | No | All | 14 |
| | 19 Dec 20 | 31 Dec 20 | 1 | No | All | 21 |

**Release Type:** Sell & Report

## Payment

**Payment Method**
Transfer

**Payment Process**
Invoice

**Payment Terms**
30 days from receipt of invoice

**Notes:** 1. Standard payment terms 30 days except during the following periods when it is 14 days:

01 Jan - 05 Jan 2019
22 Mar - 28 Apr 2019
01 Jul - 04 Sep 2019
14 Oct - 31 Oct 2019
19 Dec 2019 - 05 Jan 2020
13 Mar - 18 Apr 2020
01 Jul - 04 Sep 2020
14 Oct - 31 Oct 2020
19 Dec - 31 Dec 2020

## Extras

**Over Ride Agreement**
*A 3% revenue over-ride has been agreed for the period 01 Jan 2019 to 31 Dec 2020. Contempo will invoice Virgin Holidays less 3% for each reservation.*

## Contact Details

| Name | Type | Department | Details |
|------|------|------------|---------|
| ACCOUNTS PAYABLE | Accounts Payable | Finance | The VHO Fleming Way, Crawley, West Sussex, RH10 9DF Fax:+█████████4247 Email:█████████ |
| CONTRACT SERVICES1 | Stop Sales & Blackou | | The VHO Fleming Way, Crawley, West Sussex Email:█████████ |
| James. Killick | Destination Manager | Product & Commercial | The VHO Foleming way, Crawley, West Sussex, RH10 9DF Tel:+█████████84764 Email:█████████ |

## Miscellaneous Notes

1 Check in time is 4pm and check out is 10am.
2 Security deposit/ Damage waiver - a non refundable ADW (accidental damage waiver) is payable on arrival which covers for any accidental damage up to a specified amount. A credit card is still required as security against any damage not covered under the waiver scheme. Should customers not wish to take this option, there is a $500 security charge on a major credit card, which is refunded within 7 days of departure once the property has been checked.
3 Cancellations:
No show or cancellation up to 7 days prior to arrival 100% of rental charge. During high and holiday season -
01 Jan - 05 Jan 2019
22 Mar - 28 Apr 2019
01 Jul - 04 Sep 2019
14 Oct - 31 Oct 2019
19 Dec 2019 - 05 Jan 2020
13 Mar - 18 Apr 2020
01 Jul - 04 Sep 2020
14 Oct - 31 Oct 2020
19 Dec - 31 Dec 2020
cancellations made within 21 days will be 25% of the rental charge.

4 Reservations E-mail: reservations@contempogroup.com

The hotelier acknowledges that he/she has read and accepts the terms and conditions of this contract.
The signatory for the hotelier confirms that he/she has the hoteliers authority to sign this agreement on the hoteliers behalf.

**For & Behalf of Virgin Holidays**

Name: James Killick

Signature: *James Killick*
— DocuSigned by:
— 45E6FCDDCBB04D4...

Title: Destination Manager    Date: 29-Apr-2019 | 11:50:01 BST

**For & Behalf of above named hotelier**

Name: Sam Longster

Signature: *Sam Longster*
— DocuSigned by:
— 1D2C8F1A48A0447...

Title: VP Business Development    Date: 2-May-2019 | 20:42:58 BST

■ **Definitions**

"Accommodation" means the accommodation as may be allocated and/or reserved to the Clients at a Hotel, Apartment, Villa or other lodging establishment covered in the Agreement.

"Brochures" means the holiday brochures, other written or sales material or information contained on a website published by or on behalf of the Operator, its associated companies or its agents containing details of the Accommodation and/or Services together with any information provided by the Hotelier on to the Operator's Content Management System (known as Red Squirrel)

"Clients" means customers or employees of the Operator utilising the Accommodation and/or the Services.

"Confidential Information" means any confidential information or data (in whatever format) disclosed by the Operator, its associated companies, agents or representatives (whether orally or in writing) to the Hotelier including (without limitation) information relating to its business and Clients.

"Hotelier" means the owner of the Accommodation, any natural or legal person responsible for managing or representing the Accommodation and the signatory on behalf of the Hotelier overleaf, or any one or more of them.

"Operator" means Virgin Holidays Limited Company number 01873815

"Operator's Representatives" means any representative designated by the Operator from time to time.

"Services" means all amenities, facilities, catering and other services offered by the Hotelier, whether or not detailed within the Agreement.

■ **Reservations**

2.1 The Operator will advise the Hotelier of the Accommodation and/or Services required prior to the release periods specified overleaf by fax or email transmission or any other means. The Operator shall have no liability if any Accommodation/Service allocated to it that is not required and the same shall be automatically released back to the Hotelier.

2.2 After the Operator has notified the Hotelier pursuant to clause 2.1, but any time prior to the actual scheduled arrival time, the Operator may (at its absolute discretion): (a) cancel any such Accommodation and/or Services without any liability to the Hotelier; or (b) reserve the Accommodation and/or Services to other Clients, provided it advises the Hotelier accordingly.

■ **Obligations**

3.1 The Hotelier shall provide the Accommodation and the Services strictly in accordance with the reservation transmitted by the Operator to the Hotelier and the terms of this Agreement and in accordance with the Brochure description of the Accommodation.

3.2 At least once annually, the Hotelier will check and sign-off upon the factual hotel information and digital assets, stored on the Operator's Content Management System, which is used by the Operator for publication in the Operator's brochures, the Operator's website and related marketing communications.

3.3 Unless expressly specified or agreed otherwise by the Operator in writing, the Accommodation shall be in the main building.

3.4 If the Hotelier fails to provide the Clients with the reserved Accommodation for any reason, the Hotelier shall immediately notify the Operator.

3.5 Unless otherwise instructed by the Operator in writing, the Hotelier shall arrange alternative accommodation for the Clients, which is approved by the Operator as being in a similar or better location, of the same or higher standard and offering the same or better facilities/amenities as the Hotel. The Hotelier shall ensure that the alternative accommodation is covered by the same insurance requirements as set out in clause 7.

3.6 Unless otherwise agreed in writing, the Hotelier:(a) will be fully responsible for the costs of providing the alternative accommodation and all associated costs (including travel costs); and (b) will pay the Operator £150 GBP for each Client who is placed in alternative accommodation due to overbooking, such sums to be deducted from invoices submitted by the Hotelier to the Operator for the Accommodation and Services or, if the Operator so directs, to be paid immediately by the Hotelier to the Client(s). The parties recognise that this sum represents a genuine pre-estimate of the Operator's loss.

3.7 The Hotelier will inform the Operator in writing immediately on becoming aware of any actual or proposed building, maintenance work or other activity in the Hotel, its surroundings or local area which may adversely affect the Clients' enjoyment of their holiday. If the Operator reasonably believes such work or activity might adversely affect the Client's enjoyment of their holiday, the Operator may (at its sole option) suspend or terminate this Agreement with immediate effect. Where the Hotelier has failed to give the Operator reasonable advance notice of any work or other activity which is or will be undertaken by the Hotelier (or on its behalf), or if this notification falls within 75 days prior to the Client's arrival, the Hotelier will indemnify the Operator in full for all costs, losses or expenses whatsoever it incurs as a result of such work or activity (including without limitation compensation payments to the Clients).

3.8 The Hotelier will ensure that unnecessary restrictions that limit sales or restrict the use of room allotments are not placed upon the Operator. No more than four "stop-sales" notifications will be placed upon the Operator per calendar year. Each "stop-sales" occurrence will not exceed more than five (5) consecutive nights. If the Hotelier exercises a "stop-sale" then the Hotelier will guarantee to honour all of the Operators reservations that have been made a Client of the Operator prior to the "stop-sale" notice being received.

3.9 The Hotel, the Accommodation, the Services, the Hotelier, its employees, agents and subcontractors shall at all times comply fully with all applicable international, national and local laws, decrees, regulations, licensing and certification requirements, recommendations and codes of practice.

3.10 The Hotelier shall cooperate fully with the Operator's quality control and health and safety procedures, including (without limitation): (a) assisting in the completion of and signing the Operator's contractor's checklist; (b) permitting the Operator's employees/agents or safety consultant to inspect the Accommodation and Services at any time, assisting such person to complete the Operator's Health & Safety audit forms, and signing such forms.

3.11 The contents of the Health & Safety forms referred to in clause 3.10(b) above are incorporated as conditions of this Agreement and the Hotelier undertakes that it will: (a) not permit any changes to be made to the Accommodation or the Services; and (b) notify the Operator in writing immediately if it becomes aware of any actual or potential change in the Accommodation or Services which would or might render any information in any of the Health & Safety audit forms inaccurate, incomplete or misleading.

3.12 Accommodation must not have internal gas water heaters or fossil fuel appliances (including gas water heaters) or flues/exhausts which terminate within three metres of guest accommodation openings, including windows, doors, etc. Current or newly installed fossil fuel (including gas water heaters, boilers etc) appliances must fully comply with applicable international, national and local laws and regulations and be installed in accordance with manufacturer's instructions, including appropriate flue, ventilation and maintenance.

3.13 All guest rooms must have a means of communication to a 24-hour point of contact and a minimum of two staff members (one being security staff) present at night to respond to emergencies.

3.14 Where the Hotelier is responsible for any form of transportation of Clients the vehicles must be clean, fully licensed and insured for all risks, have been properly and regularly serviced, must comply with national and local legislation, regulations and rules, be adequate to transport persons safely, and large enough to accommodate the number of passengers and their luggage. The passengers' luggage must be secured properly. The drivers must be well presented, fully qualified, experienced, have not been convicted of any driving offence and have full insurance for all risks. The Hotelier remains responsible for any sub-contracted transportation to any third-party.

3.15 If any of the Clients have any claim or complaint in relation to the Accommodation, Services or Hotel, the Hotelier shall promptly notify the Operator and will give all such assistance as the Operator requests and provide copies of any reports investigating the incident or any other relevant information. Pursuant to the Indemnity provision under section 8, the Hotelier agrees to be bound by the **Client Complaints Protocol** which is provided under a separate addendum and which may be varied from time to time by consent between the Operator and the Hotelier.

3.16 Public areas, swimming pool area and swimming pool (if applicable) will be cleaned daily.

3.17 Rates within the Agreement are no higher, and its terms of trading with the Operator no less advantageous to the Operator, than those agreed between Hotelier and any other operator.

3.18 Any repair or replacement of any facility, amenity, fixture or fitting in the Client's Accommodation will be carried out within 23 hours of being reported by the Client. The Hotelier shall indemnify the Operator in full for any losses, expenses or costs incurred by it (including without limitation payment of compensation to the Clients) by reason of the Hotelier's breach of this clause or the withdrawal of any contracted facility.

3.19 The Hotelier shall grant the Operator rights to sell excursions, car hire and other services to the Clients at the Hotel and shall allocate the Operator a point of sale in a suitably prominent and easily accessible position in the Hotel.

■ **Rates**

4.1 The rates and terms of this Agreement apply to all reservations, including (without limitation) group or individual bookings, reservations in excess of the allocation initially contacted and reservations made after the expiry of the release period.

4.2 The rates may not be increased by the Hotelier for any reason during this Agreement (unless the Operator agrees in writing).

4.3 The rates are fully inclusive including (without limitation) all local and national taxes, service charges and gratuities.

4.4 The Hotelier may not make any additional charge to the Operator or the Client for the provision of facilities to Client's with disabilities.

■ **Payment**

5.1 The Hotelier shall invoice the Operator at the end of the Client's stay at the Accommodation and must comply with the following conditions: (a) invoices should be sent electronically or posted to the Operator clearly indicating the Client's booking reference number;(b) invoices must be exclusively for the Accommodation and/or Services requested on the rooming list/voucher; and (c) the Accommodation and/or Services must be invoiced at the agreed rates and in the agreed currency.

5.2 Any charges incurred by the Operator in respect of providing payment to the Hotelier will be met by the Hotelier.

5.3 If the Clients incur any amounts not dealt with in this Agreement, the Hotelier shall be solely responsible for receiving payment for such amounts directly from the Clients and the Operator shall have no liability whatsoever in respect of the same.

5.4 Subject to the Hotelier's fulfilment of clause 5.1, the Operator will pay the invoices (less any deduction stated in this Agreement or as agreed between the parties) within 30 days of its receipt of the same.

5.5 If the Operator disputes any portion of the Hotelier's invoice, it may withhold payment in respect of such disputed amount until such dispute has been resolved.

5.6 The Operator will not be liable for any un-used accommodation or service costs not utilised by the Client for any reasons.

5.7 The Operator shall be entitled to set-off any amount due and payable to it from and against amounts held to the credit of the Hotelier on any account whatsoever whether under this Agreement or otherwise. This is without prejudice to any other rights or remedies available to the Operator under this Agreement or otherwise.

■ **Force Majeure**

The Operator is not responsible for unfulfilled accommodation, services or contractual obligations that result from Force Majeure or circumstances beyond control of the Operator. Such occurrences include cases of war, insurrection, acts of terrorism, political upheaval, labour disputes, strikes, laws or regulations, boycotts, epidemics, contagious diseases or other circumstances of whatever kind or nature that unfavourably affect the Operator's operation to the Accommodation.

■ **Insurance**

7.1 The Hotelier shall, at their own expense, be in possession of suitable insurance that is satisfactory to the Operator and relate to all its liabilities detailed herein. In addition, the Hotelier shall require any of its sub-contractors to possess the specified insurances. The Hotelier's insurance shall include, but not be limited to, full rights of subrogation together with the types and amounts set out below: (a) Third Party Liability Insurance, including Product Liability insurance with a combined personal injury and property damage limit of not less than £5,000,000 GBP or local currency equivalent or such other sum as may be specified by the Operator per occurrence or series of occurrences arising from one event, (b) Employers Liability/Workers Compensation Insurance with limits as required by local law. Such insurance shall cover all employees involved in the delivery of the contractual obligations.

7.2 The Hotelier agrees to produce the insurance policy and any cover note at the request of the Operator including requested evidence that the premium has been fully paid or complied with and that the policy or cover note is in full force and effect.

7.3 If, in the reasonable opinion of the Operator, the policy or cover note is inadequate for the purposes detailed, the Operator may require the Hotelier to increase the amount or extent of the cover. If the Hotelier fails or refuses to do so within such a period as specified by the Operator (no less than 7 days) then the Operator may terminate this Agreement with immediate effect upon written notice.

■ **Indemnities**

The Hotelier indemnifies and holds harmless the Operator from and against all and any loss, damage, personal Injury (including death), claims, demands, proceedings, costs and expenses (including without limitation legal fees and expenses on a full indemnity basis) out of or in connection with the performance of the contract to include but not limited to the Hotelier's negligence, breach of statutory provision, wilful misconduct, or breach of any provision under this agreement by the Hotelier, its employees, agents or sub-contractors.

■ **Assignment**

The Hotelier shall not assign its rights nor subcontract its obligations under this Agreement except with the prior written consent of the Operator.

■ **Disposal of Hotel**

The Hotelier shall give the Operator maximum possible written advance notice of any sale, lease or change of management of the Hotel or any change of control of the business carried on therein. If the Operator elects to continue with this Agreement, the Hotelier guarantees that the incoming owner/leaseholder/manager will fully comply with the terms herein. The outgoing Hotelier will be jointly and severally liable for the

proper performance of the terms of this Agreement, even after such change in control.

■ **Confidentiality and Data Protection**

11.1 The Hotelier shall keep all Confidential Information strictly confidential and will store it in a secure place and safeguard it in a manner no less secure than it safeguards its own confidential information. The Hotelier will not make use of Confidential Information for any purpose other than the performance of its obligations under this Agreement. The Hotelier may not disclose Confidential Information to any person other than its directors or employees (to the extent that disclosure is necessary for the purposes of this Agreement). If disclosure is made, the Hotelier shall be responsible for any breaches by such employees or directors of the confidentiality provisions contained herein.

11.2 The confidentiality restrictions contained in this clause shall not apply to information which is or becomes in the public domain (other than by breach of this clause), is required to be disclosed by law (but only to the extent and purposes of such required disclosure), is required to be disclosed by court order (provided the Hotelier uses its best endeavours to notify the Operator in advance of such disclosure), or is authorised by release or use by the Operator in writing.

11.3 Confidential Information, including permitted copies, will be deemed the property of the Operator. The Hotelier will, within 20 days of a written request by the Operator, destroy or return all Confidential Information, including copies thereof, to the Operator.

11.4 To the extent that personal data is transferred under this Agreement from inside the UK and / or the European Economic Area ("EEA") to outside the UK and / or the EEA, as applicable at the time of any such transfer, the Parties agree to be bound by a separate **Data Protection Addendum**, as supplied by the Operator, for the purpose of making such transfers of personal data lawful.

■ **Trademark**

The Hotelier shall not use, display or publish any trademark of the Operator or any of its associated or subsidiary companies without first obtaining the prior written consent of the Operator (which may be withheld in its absolute discretion).

■ **Notices**

13.1 Any notice required to be given under this Agreement will be sent by fax or by airmail post to the fax number and address shown for each party overleaf or to such other number or address as notified by either party from time to time.

13.2 A notice sent by fax shall be deemed to be received upon the sender's receipt of a valid fax confirmation. A notice sent by airmail shall be deemed to be received seven (7) days after the day on which it was posted.

■ **Termination**

14.1 This Agreement comes into force on the date signed. Either party may terminate this Agreement with immediate effect by written notice if: (a) the other ceases or threatens to cease trading, goes into liquidation/ bankruptcy, has a receiver appointed or is subject to a winding up order other than one made solely for purposes of reconstruction or amalgamation, or any analogous situation to the foregoing occurs in any jurisdiction,(b) the other commits any material breach of this Agreement and such breach is not remedied within 30 days of written notice from the other party specifying the breach and the required remedy.

14.2 The Operator may terminate this Agreement with immediate effect upon written notice if: (a) there is a change of ownership, management or control as set out in clause 10.1; or (b) the Operator reasonably concludes that the Hotel, Accommodation or Services fails to meet the standards required for health and safety standards, even though the Hotel, Accommodation or Services was previously found to have satisfied the criteria set out in any Health and Safety audit forms. In these circumstances the Operator may remove the Clients from the Accommodation and shall have no liability to pay the Hotelier for the remaining days the Clients were due to stay; (c) it considers the continuance of this Agreement inappropriate for commercial reasons.

14.3 Termination will be without prejudice to any rights which may have accrued to either party before the effective date of termination or any terms of this Agreement which are expressed to be continuing in nature. The Hotelier will repay to the Operator all deposits or other sums pre-paid to the Hotelier for the Accommodation and/or Services not yet provided to the Operator's Clients at the date of termination.

■ **Warranties**

The Hotelier hereby warrants and represents that: (a) it has the power and authority to enter into this Agreement and to perform its obligations hereunder; (b) it has not entered and during the term will not enter into any agreement with any third party, the terms of which conflict with the terms of this Agreement; (c)there is no pending or, to its knowledge, threatened actions of proceedings before any court or administrative agency or arbitrator that would adversely affect its ability to perform its obligations under this Agreement; and (d) it has, and shall maintain throughout the term this Agreement, all licences, certificates, permits and consents necessary to enter into and perform its obligations under this Agreement.

■ **Ethical Business**

In accordance with Operator's commitment to sustainable and ethical business practices Hotelier warrants and represents that it shall be bound by the **Responsible Supplier Policy** which is provided under separate addendum and which may be varied from time to time.

■ **General**

17.1 No amendment of this Agreement shall be effective unless in writing and signed by a duly authorised representative of each party. There will be no waiver of any term, provision or condition of this Agreement unless such waiver is evidenced in writing. No omission or delay by either party in exercising any of its rights will be treated as a waiver thereof, nor will any single or partial exercise of right preclude any other or further exercise thereof or any exercise of any other right. A waiver of a right on one occasion will not constitute a waiver of such right in the future. If any provision in this Agreement is unenforceable the remaining provisions shall be unaffected.

17.2 This Agreement constitutes the entire agreement and supersedes all previous understandings or arrangements between the parties relating to the subject matter. No party has relied upon any representation or promise except as expressly set out in this Agreement, save that nothing in this clause shall excuse either party from fraudulent misrepresentation.

17.3 Nothing in this Agreement shall be construed to create between the parties a partnership, joint venture, franchise or agency.

■ **Governing Law and Jurisdiction**

This Agreement shall be governed and construed in English law. Save where either party is seeking emergency equitable against the other, the courts of England shall have exclusive jurisdiction.

DocuSign Envelope ID: 819A4525-4845-4AE0-917F-875EC84F871A



# Client Complaint Protocol

The aim of this Protocol is to ensure a proper channel of communication between both parties maximising co-operation and agreement in respect of the operation of the indemnity provision, which is provided under section 8, of the provision of services agreement.

<u>Procedure</u>

Upon the Operator/Agent or the Hotelier becoming aware of any incident, actual or threatened complaint or proceedings brought by any Operator's Client in anyway connected with the supply of services under the contract, the parties shall provide to each other full details as may be reasonably possible in the circumstances in order to allow the proper investigations into any such incident, complaint or proceedings.

The Hotelier shall respond fully to any request from the Operator or agents within 7 days with sufficient information so that the Operator or agent is able to properly and fully respond to the complaint or proceedings;

In the case of major incidents set out below the Hotelier must provide immediate notification. A major incident is defined as any incident affecting two or more of the Operator's Clients requiring hospitalisation, or one or more of the following;

- o  A Health & Safety related fatality (not deaths from natural causes e.g. heart attacks etc.)
- o  Fall from Balcony
- o  Fire
- o  Excursion Incident
- o  Illness Outbreak (5 or more guests affected)
- o  Road Traffic Accident requiring hospitalisation
- o  Robbery using threat/violence
- o  Sexual Assault/Rape
- o  Swimming Incident (e.g. drowning or near-drowning)

The Operator/Agent and Hotelier will deal with all requests for further information within a reasonable timescale not exceeding 14 days.

<u>Co-Operation</u>

The Hotelier shall use all reasonable endeavours to assist, co-operate with and follow any reasonable instruction from the Operator or agents in relation to any claims or complaints including (but not limited) protecting and/or defending the rights of the Operator against any third party. Such co-operation to include (but not limited) to;

Supporting the Operator or Agents in the conduct of any proceedings (whether instigated or proposed) in relation to any such claims or complaints;

Carrying out an internal investigation within a reasonable timescale (having regard to the nature of the claim) and assisting in the gathering of information including the provision of witness statements and supply of documentation as may be requested.

<u>Indemnity Provision</u>

If the Operator or their Agents when acting reasonably is satisfied that they are unable to defend the claim or complaint the Hotelier agrees to indemnify the Operator.  In cases where the Operator or their Agents decide to settle an Operator's Client complaint for any reasons unconnected with the availability of a suitable defence for example, but not limited to, good Operator's Client relations, the Hotelier will not be expected to afford an indemnity to the Operator.

In cases where the Hotelier does not agree with the decision by the Operator or their Agents to settle the claim the Hotelier will within 14 days provide full written submissions of why they disagree with the decision that has been taken by the Operator or their Agents.  Upon further consideration by the Operator or their Agents and if they consider that the matter is still to be settled the Hotelier can chose to:

(a)  Take over the handling of the case and provide the Operator with an indemnity against costs and damages; but only upon satisfying the Operator that an English legal compliant claims handling system is in place and that no steps are taken which in the Operators view could harm the Operator's reputation.  Furthermore keep the Operator informed of all major developments with the Operator's Client complaint and copy the Operator in on all substantive correspondence and documentation.

(b)   Allow the Operator to maintain handling of the case using their best endeavours to defend the matter should proceedings be served, and provide the Operator with a full indemnity if the defence is unsuccessful.

In cases where the Hotelier accepts that there is no defence to the claim or complaint the claim will continue to be handled by the Operator or their agents in accordance with the Package Travel Regulations.

In cases where the Hotelier does not accept the amount of settlement agreed between the Operator, their Agents and their Operator's Clients the matter will be referred to an agreed single adjudicator.  If the adjudicator agrees that the amount paid exceeds what would be considered a reasonable settlement then the Operator agrees that the limit of indemnity sought will be in accordance with the decision of the independent adjudicator. The costs of the adjudication are to be borne equally between the parties.

Such adjudication process shall be subject to English law and jurisdiction as more particularly set out under clause 17 of the terms and conditions of the contract.

In cases where the Hotelier fails to respond to the Operator or their Agents in respect of an Operator's Client complaint the Hotelier has 3 opportunities to respond substantively failing which the Operator will deduce the claim costs from any outstanding sums owed by the Operator to the Hotelier.

The Operator or their Agents shall write initially to the Hotelier upon notification of a complaint by email giving the Hotelier 7 days to respond. If no response is received within that timescale a 2nd letter will be sent allowing a further period of 3 days for a response. If no response is received to that letter then a 3rd letter will be sent confirming the deduction from any monies either currently outstanding or to be deducted from future rendered invoices.

In the case of any incident relating to the above immediate contact should be made with:-

Duty Office                         Email:          ████████████████████
                                    Tel:            ████████████████
                                    Alternative Tel:   + █████████████

For further information or any questions relating to this Client Complaint Protocol should be directed to:-

Ms. Romana Sztyber               Email:          ████████████████████
Legal Services Manager           Tel:            █████████████

Pursuant to the indemnity provision the parties agree to be bound by the protocol which may be varied from time to time by consent between the parties.

For Virgin Holidays Ltd                           For  (Hotel Name)

Name:                                             Name:

Title:                                            Title:

Date:                                             Date:



## Certificate Of Completion

Envelope Id: 819A4E25484F4AF09177375FC8158771       Status: Completed
Subject: Please DocuSign: MCO Orlando Select Villas by Contempo 201901-202012_201902 v3.pdf, VHols Hotel...
Source Envelope:
Document Pages: 12            Signatures: 2            Envelope Originator:
Certificate Pages: 2            Initials: 4            Fiona Lewry
AutoNav: Enabled            The Galleria Station Road
EnvelopeId Stamping: Enabled            Crawley, P6  RH10 1WW
Time Zone: (UTC) Dublin, Edinburgh, Lisbon, London

IP Address: ▉▉▉▉▉▉▉

## Record Tracking

Status: Original            Holder: Fiona Lewry            Location: DocuSign
        4/29/2019 11:13:43 AM            f▉▉▉▉▉▉▉▉▉▉▉

| Signer Events | Signature | Timestamp |
|---|---|---|
| James Killick<br>▉▉▉▉▉▉▉▉▉▉<br>Destination Manager - Florida<br>Virgin Holidays<br>Security Level: Email, Account Authentication (None) | *James Killick*<br>45E6FCDDCBB04D4...<br>Signature Adoption: Pre-selected Style<br>Using IP Address: ▉▉▉▉▉ | Sent: 4/29/2019 11:28:47 AM<br>Viewed: 4/29/2019 11:49:55 AM<br>Signed: 4/29/2019 11:50:01 AM |
| **Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | | |
| Sam Longster<br>▉▉▉▉▉▉▉▉▉▉<br>VP Business Development<br>Sam Longster<br>Security Level: Email, Account Authentication (None) | *Sam Longster*<br>1D2C8F1A48A9447...<br>Signature Adoption: Pre-selected Style<br>Using IP Address: ▉▉▉▉▉ | Sent: 4/29/2019 11:50:02 AM<br>Viewed: 5/6/2019 7:18:57 PM<br>Signed: 5/24/2019 8:42:58 PM |
| **Electronic Record and Signature Disclosure:**<br>   Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 4/29/2019 11:50:02 AM |
| Certified Delivered | Security Checked | 5/6/2019 7:18:57 PM |
| Signing Complete | Security Checked | 5/24/2019 8:42:58 PM |

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Completed | Security Checked | 5/24/2019 8:42:58 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

# Exhibit B

| CFH Ref | Vhols Ref | Guest Name | Arrival Date | Departure Date | Property Name | Total |
|---|---|---|---|---|---|---|
| 18355826 | 5437829 | Aaron V3th Fearn | 7/31/2019 | 8/21/2019 | Item: Food Pack - Executive VCON | $  95.00 |
| 18516465 | 5885659 | Amanda v4g Lowe | 7/29/2019 | 8/5/2019 | Item: Food Pack - Executive VCON | $  95.00 |
| 18358009 | 5696453 | Andrew V4s Tyler | 7/19/2019 | 8/2/2019 | Item: Food Pack - Executive VCON | $  95.00 |
| 18357588 | 5678928 | Andrew V4shire Insole | 7/5/2019 | 7/19/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18357588 | 5678928 | Andrew V4shire Insole | 7/5/2019 | 7/19/2019 | Item: Food Pack - Basic VCON | $  50.00 |
| 18346765 | 5459500 | Anna V3s Deans | 7/24/2019 | 8/7/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18341989 | 5745366 | Barry V4g Christopher | 7/28/2019 | 8/18/2019 | Item: Food Pack - Luxury VCON | $  80.00 |
| 18342964 | 5352182 | Carol V4s Cornelius | 7/30/2019 | 8/9/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18342964 | 5352182 | Carol V4s Cornelius | 7/30/2019 | 8/9/2019 | Item: BBQ Grill Rental VCON | $  78.60 |
| 18342964 | 5352182 | Carol V4s Cornelius | 7/30/2019 | 8/9/2019 | Item: Cleaning Supplies Kit VCON | $  27.00 |
| 18342964 | 5352182 | Carol V4s Cornelius | 7/30/2019 | 8/9/2019 | Item: Food Pack - Basic VCON | $  50.00 |
| 18358753 | 5572972 | Christine V5s Ward | 7/12/2019 | 7/26/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18343260 | 5477450 | David V5s Tucker | 7/26/2019 | 8/9/2019 | Item: BBQ Grill Rental VCON | $ 110.00 |
| 18343260 | 5477450 | David V5s Tucker | 7/26/2019 | 8/9/2019 | Item: Food Pack - Executive VCON | $  95.00 |
| 18343260 | 5477450 | David V5s Tucker | 7/26/2019 | 8/9/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18359547 | 5359417 | Emily V3g Bruton | 7/25/2019 | 8/8/2019 | Item: Food Pack - Basic VCON | $  50.00 |
| 18341197 | 5558238 | Emma V3g--SP Logue | 7/13/2019 | 7/28/2019 | Item: BBQ Grill Rental VCON | $ 117.90 |
| 18342708 | 5811250 | Graeme V4RW-SP Kidd | 7/20/2019 | 8/3/2019 | Item: BBQ Grill Rental VCON | $ 110.00 |
| 18341632 | 5569704 | Gregg V3g Pearcey | 7/7/2019 | 7/21/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18346516 | 5799608 | Hayley V4g Thomas | 7/22/2019 | 8/12/2019 | Item: Food Pack - Executive VCON | $  95.00 |
| 18346516 | 5799608 | Hayley V4g Thomas | 7/22/2019 | 8/12/2019 | Item: Cleaning Supplies Kit VCON | $  27.00 |
| 18357717 | 5519327 | Ian V4g Scoggins | 7/27/2019 | 8/10/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18358812 | 5464474 | Ian V6cg Smith | 7/12/2019 | 8/2/2019 | Item: Cleaning Supplies Kit VCON | $  27.00 |
| 18358812 | 5464474 | Ian V6cg Smith | 7/12/2019 | 8/2/2019 | Item: Food Pack - Basic VCON | $  50.00 |
| 18342491 | 5516873 | Ivor V4s-Sp Woods | 7/14/2019 | 7/15/2019 | Item: Clean Fee VCON | $ 100.00 |
| 18346705 | 5400854 | James v3s Knowlton | 7/27/2019 | 8/10/2019 | Item: BBQ Grill Rental VCON | $  78.60 |
| 18346705 | 5400854 | James v3s Knowlton | 7/27/2019 | 8/10/2019 | Item: Food Pack - Basic VCON | $  50.00 |
| 18341538 | 5517528 | Janine V3g Hampson | 7/13/2019 | 7/27/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18358646 | 5528017 | Jenny V5shire Strickland | 7/10/2019 | 7/25/2019 | Item: BBQ Grill Rental VCON | $ 190.68 |
| 18341142 | 5569651 | Jill V5hr Wight 1Of2 | 7/1/2019 | 7/15/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18346711 | 5492881 | John V3s Gibson | 7/2/2019 | 7/5/2019 | Item: Upgrade Booking VCON | $ 300.00 |
| 18346244 | 5499695 | Joseph V3g Wiggins | 7/20/2019 | 8/10/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18356283 | 5657267 | Julian V3g Watson | 7/19/2019 | 8/2/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18358642 | 5570423 | Julie V5shire Pardoe | 7/28/2019 | 8/13/2019 | Item: Wooden Crib Rental VCON | $ 125.76 |
| 18358642 | 5570423 | Julie V5shire Pardoe | 7/28/2019 | 8/13/2019 | Item: BBQ Grill Rental VCON | $ 125.76 |
| 18341373 | 5615087 | Julie V6hr Stears | 7/8/2019 | 7/9/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18340298 | 5554104 | Justine V5g Green | 7/21/2019 | 8/6/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18343656 | 5759495 | Kerry V4s Chadwick | 7/20/2019 | 7/30/2019 | Item: Wooden Crib Rental VCON | $  78.60 |
| 18346687 | 5401837 | Kevin V3s Hill | 7/20/2019 | 8/3/2019 | Item: Food Pack - Basic VCON | $  50.00 |
| 18359018 | 5280874 | Kirsty V7s Crashley | 7/30/2019 | 8/20/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18343229 | 5781051 | Kurt V4g Ure | 7/20/2019 | 8/3/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18346813 | 5563286 | Leighanne V3s Elsagood | 7/18/2019 | 8/1/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18358013 | 5728334 | Matthew V4s Bell | 7/24/2019 | 8/7/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18358176 | 5444578 | Michael V5wh Bates | 7/13/2019 | 8/3/2019 | Item: Birthday Pack Girl VCON | $  59.00 |
| 18341960 | 5725322 | Milan V4g Mladenovic | 7/27/2019 | 8/10/2019 | Item: Food Pack - Luxury VCON | $  80.00 |
| 18341098 | 5739815 | Nolan V5s Clark | 7/26/2019 | 8/7/2019 | Item: BBQ Grill Rental VCON | $  55.00 |
| 18346738 | 5468240 | Pamela V3s Hamilton | 7/13/2019 | 7/14/2019 | Item: Upgrade Booking VCON | $ 145.00 |
| 18346893 | 5726909 | Paul V3s Odell | 7/10/2019 | 7/24/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18344165 | 4788838 | Paul V3s Norrington | 7/25/2019 | 8/8/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18344165 | 4788838 | Paul V3s Norrington | 7/25/2019 | 8/8/2019 | Item: Cleaning Supplies Kit VCON | $  27.00 |
| 18344165 | 4788838 | Paul V3s Norrington | 7/25/2019 | 8/8/2019 | Item: Food Pack - Luxury VCON | $  80.00 |
| 18344165 | 4788838 | Paul V3s Norrington | 7/25/2019 | 8/8/2019 | Item: Mid Stay Clean 3B VCON | $  85.00 |
| 18358156 | 5542925 | Paula V4s Carr | 7/20/2019 | 7/29/2019 | Item: BBQ Grill Rental VCON | $  70.74 |
| 18358608 | 5739351 | Rakesh V5wh Odedra | 7/22/2019 | 7/29/2019 | Item: BBQ Grill Rental VCON | $  55.02 |
| 18342148 | 5838993 | Richard V3th Wilkinson | 7/28/2019 | 8/11/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18342148 | 5838993 | Richard V3th Wilkinson | 7/28/2019 | 8/11/2019 | Item: Cleaning Supplies Kit VCON | $  27.00 |
| 18341167 | 5569651 | Rowan V5hr Hand 2Of2 | 7/1/2019 | 7/15/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18339939 | 5664426 | Stephanie V6s Tibbert | 7/10/2019 | 7/24/2019 | Item: Wooden Crib Rental VCON | $ 110.00 |
| 18346999 | 5743592 | Stephen V4SD Collins | 7/28/2019 | 8/14/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18356860 | 5297056 | Steven V4wh Gilham | 7/25/2019 | 8/8/2019 | Item: Food Pack - Basic VCON | $  50.00 |
| 18356860 | 5297056 | Steven V4wh Gilham | 7/25/2019 | 8/8/2019 | Item: Mid Stay Clean 4B VCON | $  95.00 |
| 18346532 | 5334769 | Stuart V3s Smith | 7/11/2019 | 7/15/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |
| 18358318 | 5544511 | Timothy V5LP-SP Porter | 7/29/2019 | 8/12/2019 | Item: BBQ Grill Rental VCON | $ 110.00 |
| 18346063 | 5544826 | Ursula V3s Johnson | 7/31/2019 | 8/14/2019 | Item: Food Pack - Executive VCON | $  95.00 |
| 18345802 | 5274227 | Wayne V3cp Davis | 7/25/2019 | 8/15/2019 | Item: Accidental Damage Waiver VCON | $  60.00 |

**4935.66**

Exhibit C

| Vhols Ref | Booking ID | Arrival Date | Departure Date | Guest Name | Description | Price |
|---|---|---|---|---|---|---|
| 5783993 | 18344230 | 8/31/2019 | 9/13/2019 | Alexander  Harmer | Item: VCON Food Pack - Basic | 50.00 |
| 5549951 | 18343997 | 8/5/2019 | 8/17/2019 | Andrew  Walsh | Item: VCON Food Pack - Luxury | 80.00 |
| 5330000 | 18358745 | 8/5/2019 | 8/19/2019 | Barrie  Davies | Item: VCON BBQ Grill Rental | 110.00 |
| 5599727 | 18342874 | 8/31/2019 | 9/14/2019 | Barry Verdon | Item: VCON Food Pack - Basic | 50.00 |
| 5421735 | 18356506 | 8/31/2019 | 9/13/2019 | Caroll Dearden | Item: VCON Food Pack - Basic | 50.00 |
| 5454056 | 18357908 | 8/2/2019 | 8/23/2019 | Claire Chalder | Item: VCON Birthday Pack Boy | 59.00 |
| 5454056 | 18357908 | 8/2/2019 | 8/23/2019 | Claire Chalder | Item: VCON Food Pack - Luxury | 80.00 |
| 5391048 | 18358771 | 8/13/2019 | 8/27/2019 | Daniel  Flatt | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5391048 | 18358771 | 8/13/2019 | 8/27/2019 | Daniel Flatt | Item: VCON Accidental Damage Waiver | 60.00 |
| 5391048 | 18358771 | 8/13/2019 | 8/27/2019 | Daniel Flatt | Item: VCON Food Pack - Basic | 50.00 |
| 5551221 | 18356785 | 8/12/2019 | 8/27/2019 | Daniel Thompson | Item: VCON Accidental Damage Waiver | 60.00 |
| 5533004 | 18342659 | 8/31/2019 | 9/14/2019 | Darren  Evans | Item: VCON Food Pack - Basic | 50.00 |
| 5474546 | 18358711 | 8/15/2019 | 8/16/2019 | David Young | Item: VCON Clean Fee | 105.00 |
| 5511657 | 18347147 | 8/10/2019 | 8/24/2019 | Dianne Soane | Item: VCON BBQ Grill Rental | 110.00 |
| 5451958 | 18345401 | 8/19/2019 | 9/2/2019 | Elizabeth Folly | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5451958 | 18345401 | 8/19/2019 | 9/2/2019 | Elizabeth Folly | Item: VCON Food Pack - Executive | 95.00 |
| 5443881 | 18346723 | 8/8/2019 | 8/19/2019 | Gary Gleed | Item: VCON Food Pack - Luxury | 80.00 |
| 5443881 | 18346723 | 8/8/2019 | 8/19/2019 | Gary Gleed | Item: VCON BBQ Grill Rental | 55.00 |
| 5443881 | 18346723 | 8/8/2019 | 8/19/2019 | Gary Gleed | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5634431 | 18357795 | 8/2/2019 | 8/16/2019 | Glynn  Roberts | Item: VCON BBQ Grill Rental | 110.00 |
| 5617211 | 18343234 | 8/3/2019 | 8/24/2019 | Helen Longhurst | Item: VCON Food Pack - Luxury | 80.00 |
| 5354558 | 18346664 | 8/9/2019 | 8/23/2019 | Jayne Stackhouse | Item: VCON Food Pack - Basic | 50.00 |
| 5586237 | 18359604 | 8/6/2019 | 8/15/2019 | Joanne  Rankin | Item: VCON Accidental Damage Waiver | 60.00 |
| 5722432 | 18342382 | 8/31/2019 | 9/14/2019 | John  Jenkins | Item: VCON Food Pack - Basic | 50.00 |
| 5762905 | 18346903 | 8/12/2019 | 8/26/2019 | Jonathan Turrell | Item: VCON Food Pack - Executive | 95.00 |
| 5693262 | 18341250 | 8/31/2019 | 9/14/2019 | Jordan  Warrior | Item: VCON Food Pack - Basic | 50.00 |
| 5713190 | 18339967 | 8/28/2019 | 9/4/2019 | Julie  Renshaw | Item: VCON Pool Heat | 245.00 |
| 5811897 | 18342105 | 8/23/2019 | 9/2/2019 | Katherine  Barrett | Item: VCON Pack and Play Crib Rental | 57.10 |
| 5811897 | 18342105 | 8/23/2019 | 9/2/2019 | Katherine  Barrett | Item: VCON Food Pack - Basic | 50.00 |
| 5594093 | 18343012 | 8/2/2019 | 8/10/2019 | Kathryn  Philips | Item: VCON Mid Stay Clean 4B | 95.00 |
| 5297157 | 18357705 | 8/2/2019 | 8/23/2019 | Kim  Kyte | Item: VCON Mid Stay Clean 4B | 95.00 |
| 5416040 | 18346252 | 8/24/2019 | 9/21/2019 | Kimberley White | Item: VCON Food Pack - Luxury | 80.00 |
| 5365755 | 18344617 | 8/7/2019 | 8/21/2019 | Lynn  Cabanillas | Item: VCON Food Pack - Basic | 50.00 |
| 5340324 | 18340012 | 8/19/2019 | 9/2/2019 | Michael  King | Item: VCON Food Pack - Executive | 95.00 |
| 5763925 | 18341771 | 8/31/2019 | 9/9/2019 | Michael Bunce | Item: VCON Food Pack - Basic | 50.00 |
| 5340324 | 18340012 | 8/19/2019 | 9/2/2019 | Michael King | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5535156 | 18358316 | 8/7/2019 | 8/21/2019 | Michelle  Mack | Item: VCON Food Pack - Basic | 50.00 |
| 5656732 | 18344532 | 8/31/2019 | 9/19/2019 | Michelle Hillary | Item: VCON Food Pack - Basic | 50.00 |
| 5698250 | 18340107 | 8/15/2019 | 8/29/2019 | Nicholas Metcalfe | Item: VCON BBQ Grill Rental | 110.00 |
| 5685959 | 18344806 | 8/31/2019 | 9/14/2019 | Paul  Larty | Item: VCON Food Pack - Basic | 50.00 |
| 5403171 | 18342155 | 8/31/2019 | 9/14/2019 | Paul  Manners | Item: VCON Food Pack - Basic | 50.00 |
| 5662913 | 18357138 | 8/17/2019 | 8/26/2019 | Paul  Williams | Item: VCON Accidental Damage Waiver | 60.00 |
| 5323861 | 18339765 | 8/22/2019 | 9/5/2019 | Rebecca  Ashley | Item: VCON Accidental Damage Waiver | 60.00 |
| 5323861 | 18339765 | 8/22/2019 | 9/5/2019 | Rebecca  Ashley | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5323861 | 18339765 | 8/22/2019 | 9/5/2019 | Rebecca  Ashley | Item: VCON Food Pack - Luxury | 80.00 |
| 5683237 | 18358399 | 8/3/2019 | 8/17/2019 | Richard  Sevier | Item: VCON BBQ Grill Rental | 110.00 |
| 5571307 | 18358652 | 8/16/2019 | 8/30/2019 | Robin  Broad | Item: VCON Wooden Crib Rental | 110.00 |
| 5571307 | 18358652 | 8/16/2019 | 8/30/2019 | Robin Broad | Item: VCON Highchair Rental | 76.02 |
| 5621433 | 18357424 | 8/17/2019 | 8/24/2019 | Ryan Longthorn | Item: VCON Food Pack - Executive | 95.00 |
| 5621433 | 18357424 | 8/17/2019 | 8/24/2019 | Ryan Longthorn | Item: VCON Birthday Pack Girl | 59.00 |
| 5305809 | 18358791 | 8/23/2019 | 9/6/2019 | Samantha  Prothero | Item: VCON BBQ Grill Rental | 110.00 |
| 5429906 | 18344733 | 8/5/2019 | 8/16/2019 | Samantha  Thomas | Item: VCON Accidental Damage Waiver | 60.00 |
| 5720890 | 18341647 | 8/31/2019 | 9/9/2019 | Sarah  Bunce | Item: VCON Food Pack - Basic | 50.00 |
| 5561555 | 18358003 | 8/13/2019 | 8/27/2019 | Sarah Patch | Item: VCON Food Pack - Executive | 95.00 |
| 5710607 | 18340002 | 8/3/2019 | 8/17/2019 | Sharon  Dunlap | Item: VCON Food Pack - Basic | 50.00 |
| 5732052 | 18355992 | 8/28/2019 | 9/11/2019 | Shereen  Woodgate | Item: VCON Accidental Damage Waiver | 60.00 |
| 5874864 | 18454178 | 8/31/2019 | 9/14/2019 | Stuart Chalmers | Item: VCON Food Pack - Basic | 50.00 |
| 5722552 | 18344228 | 8/16/2019 | 8/29/2019 | Suzanne Stanyon | Item: VCON Food Pack - Luxury | 80.00 |
| 5508607 | 18358648 | 8/7/2019 | 8/21/2019 | Tara Grimshaw | Item: VCON Food Pack - Executive | 95.00 |
| 5536432 | 18358959 | 8/14/2019 | 8/28/2019 | Timothy Clapp | Item: VCON Wooden Crib Rental | 110.00 |
| 5265383 | 18358957 | 8/7/2019 | 8/21/2019 | Trevor  Paterson | Item: VCON BBQ Grill Rental | 110.00 |

$ 4,421.12

Exhibit D

| Vhols Ref | Booking ID | Arrival Date | Departure Date | Guest Name | Description | Price |
|---|---|---|---|---|---|---|
| 5311028 | 18357286 | 10/31/2019 | 11/14/2019 | Charles  Tufton | Item: VCON BBQ Grill Rental | 55.00 |
| 5311028 | 18357286 | 10/31/2019 | 11/14/2019 | Charles Tufton | Item: VCON Pool Heat | 490.00 |
| 5429747 | 18339610 | 10/30/2019 | 11/13/2019 | Chloe Young | Item: VCON Wooden Crib Rental | 110.00 |
| 5429747 | 18339610 | 10/30/2019 | 11/13/2019 | Chloe Young | Item: VCON Pool Heat | 490.00 |
| 5564730 | 18341460 | 10/30/2019 | 11/13/2019 | Claire  Fountain | Item: VCON Pool Heat | 490.00 |
| 5551082 | 18342846 | 10/14/2019 | 10/28/2019 | Craig Lamplough | Item: VCON Pack and Play Crib Rental | 80.00 |
| 5551082 | 18342846 | 10/14/2019 | 10/28/2019 | Craig Lamplough | Item: VCON Pool Heat | 490.00 |
| 5525361 | 18342686 | 10/24/2019 | 11/7/2019 | Craig Telling | Item: VCON Mid Stay Clean 3B | 85.00 |
| 5525361 | 18342686 | 10/24/2019 | 11/7/2019 | Craig Telling | Item: VCON Food Pack - Basic | 50.00 |
| 5408432 | 18341751 | 10/23/2019 | 11/6/2019 | Daniel  Miller | Item: VCON Pool Heat | 490.00 |
| 5390126 | 18343332 | 10/18/2019 | 11/2/2019 | Darren Woods | Item: VCON Pool Heat | 490.00 |
| 5536015 | 18347120 | 10/5/2019 | 10/19/2019 | David Backus | Item: VCON Pool Heat | 490.00 |
| 5520660 | 18357443 | 10/19/2019 | 10/26/2019 | Dean  Chapman | Item: VCON Pool Heat | 245.00 |
| 5593083 | 18345787 | 10/27/2019 | 11/3/2019 | Deborah Genc | Item: VCON Food Pack - Basic | 50.00 |
| 5660979 | 18343852 | 10/4/2019 | 10/18/2019 | Derek  Mcewan | Item: VCON Pool Heat | 490.00 |
| 5467120 | 18357274 | 10/4/2019 | 10/18/2019 | Emily Pullinger | Item: VCON Pool Heat | 455.00 |
| 5672266 | 18357146 | 10/26/2019 | 11/9/2019 | Francis  Ducker | Item: VCON Pool Heat | 490.00 |
| 5902183 | 18653159 | 10/2/2019 | 10/11/2019 | Gareth  Evans | Item: VCON Accidental Damage Waiver | 60.00 |
| 5356039 | 18342386 | 10/29/2019 | 11/14/2019 | Gary  Medcalf | Item: VCON Mid Stay Clean 4B | 95.00 |
| 5356039 | 18342386 | 10/29/2019 | 11/14/2019 | Gary Medcalf | Item: VCON Accidental Damage Waiver | 60.00 |
| 5356039 | 18342386 | 10/29/2019 | 11/14/2019 | Gary Medcalf | Item: VCON Pool Heat | 490.00 |
| 5623536 | 18357160 | 10/19/2019 | 10/31/2019 | Gordon  Battye | Item: VCON BBQ Grill Rental | 94.29 |
| 5787828 | 18356440 | 10/12/2019 | 10/26/2019 | Hayley Burton | Item: VCON Accidental Damage Waiver | 60.00 |
| 5770502 | 19167659 | 10/16/2019 | 11/11/2019 | Ian  Atkinson | Item: VCON Pool Heat | 245.00 |
| 5362879 | 18358682 | 10/26/2019 | 11/9/2019 | Jacqueline  Hanks | Item: VCON Highchair Rental | 76.00 |
| 5504367 | 18345403 | 10/17/2019 | 11/9/2019 | Jane Stott | Item: VCON Pool Heat | 805.00 |
| 539342S | 18358146 | 10/2/2019 | 10/16/2019 | Jasmina Pawlowski | Item: VCON Accidental Damage Waiver | 60.00 |
| 5783760 | 18341003 | 10/5/2019 | 10/12/2019 | Jayne Worsey | Item: VCON Pack and Play Crib Rental | 40.00 |
| 5783760 | 18341003 | 10/5/2019 | 10/12/2019 | Jayne Worsey | Item: VCON Highchair Rental | 38.00 |
| 5351256 | 18356442 | 10/21/2019 | 11/4/2019 | John Gavin | Item: VCON Accidental Damage Waiver | 60.00 |
| 5681063 | 18739681 | 10/5/2019 | 10/12/2019 | Judy Chappell | Item: VCON Accidental Damage Waiver | 60.00 |
| 5455290 | 18342789 | 10/26/2019 | 11/16/2019 | Julie  Grugan | Item: VCON Wooden Crib Rental | 165.00 |
| 5483094 | 18344425 | 10/25/2019 | 11/8/2019 | Julie Russell | Item: VCON Pool Heat | 490.00 |
| 5483094 | 18344425 | 10/25/2019 | 11/8/2019 | Julie Russell | Item: VCON BBQ Grill Rental | 110.00 |
| 5344076 | 18342595 | 10/26/2019 | 11/11/2019 | Karen  Lawrence | Item: VCON Pool Heat | 560.00 |
| 5881140 | 18667048 | 10/26/2019 | 11/9/2019 | Kathryn  Fawcett | Item: VCON Wooden Crib Rental | 110.00 |
| 5881140 | 18667048 | 10/26/2019 | 11/9/2019 | Kathryn Fawcett | Item: VCON Pack and Play Crib Rental | 80.00 |
| 5479931 | 18343452 | 10/26/2019 | 11/9/2019 | Keith O'dwyer | Item: VCON Pool Heat | 490.00 |
| 5651825 | 18345580 | 10/23/2019 | 10/31/2019 | Kelley  Ormsby | Item: VCON Pool Heat | 245.00 |
| 5689276 | 18356468 | 10/27/2019 | 11/10/2019 | Kelly Smith | Item: VCON Pool Heat | 490.00 |
| 5355834 | 18356801 | 10/20/2019 | 11/3/2019 | Kerry Thomas | Item: VCON Accidental Damage Waiver | 60.00 |
| 5355834 | 18356801 | 10/20/2019 | 11/3/2019 | Kerry Thomas | Item: VCON Food Pack - Luxury | 80.00 |
| 5370489 | 18357276 | 10/28/2019 | 11/11/2019 | Kiera Huckerby | Item: VCON Pool Heat | 490.00 |
| 5960167 | 19049937 | 10/12/2019 | 10/19/2019 | Linsey Hollidge | Item: VCON Pool Heat | 245.00 |
| 5567731 | 18358854 | 10/29/2019 | 11/12/2019 | Lisa  Noble | Item: VCON BBQ Grill Rental | 110.04 |
| 5623538 | 18355975 | 10/19/2019 | 11/1/2019 | Lisa  Rodgers | Item: VCON Accidental Damage Waiver | 60.00 |
| 5965538 | 19052288 | 10/15/2019 | 10/29/2019 | Lisa Bethell | Item: VCON Pool Heat | 490.00 |
| 5839243 | 18941058 | 10/29/2019 | 11/19/2019 | Lisa Burton | Item: VCON Accidental Damage Waiver | 60.00 |
| 5567731 | 18358854 | 10/29/2019 | 11/12/2019 | Lisa Noble | Item: VCON Pack and Play Crib Rental | 80.00 |
| 5567731 | 18358854 | 10/29/2019 | 11/12/2019 | Lisa Noble | Item: VCON Highchair Rental | 76.02 |
| 5623538 | 18355975 | 10/19/2019 | 11/1/2019 | Lisa Rodgers | Item: VCON Pool Heat | 455.00 |
| 5374088 | 18344423 | 10/3/2019 | 10/8/2019 | Mark Rawthorn | Item: VCON Food Pack - Executive | 95.00 |
| 5485592 | 18341812 | 10/20/2019 | 11/10/2019 | Martyn  Gray | Item: VCON Pool Heat | 735.00 |
| 5521463 | 18341195 | 10/26/2019 | 11/9/2019 | Matthew  Fox | Item: VCON BBQ Grill Rental | 110.04 |
| 5521463 | 18341195 | 10/26/2019 | 11/9/2019 | Matthew Fox | Item: VCON Pool Heat | 490.00 |
| 5826467 | 18339975 | 10/25/2019 | 11/3/2019 | Michael Bottomley | Item: VCON Pool Heat | 315.00 |
| 5931199 | 18893527 | 10/7/2019 | 10/8/2019 | Michael Bullock | Item: VCON Accidental Damage Waiver | 60.00 |
| 5483784 | 18343594 | 10/30/2019 | 11/14/2019 | Michelle  Sage | Item: VCON Pool Heat | 455.00 |
| 5294328 | 18343122 | 10/24/2019 | 11/9/2019 | Neil Marshall | Item: VCON Pool Heat | 560.00 |
| 5318614 | 18342310 | 10/17/2019 | 11/1/2019 | Nicola Moles | Item: VCON Accidental Damage Waiver | 60.00 |
| 5354747 | 18342812 | 10/28/2019 | 11/11/2019 | Peter Smith | Item: VCON Accidental Damage Waiver | 60.00 |
| 5596518 | 18343110 | 10/22/2019 | 11/5/2019 | Philip  Pascoe | Item: VCON Pool Heat | 490.00 |
| 5416184 | 18346177 | 10/3/2019 | 10/17/2019 | Philip  Walters | Item: VCON Pool Heat | 490.00 |
| 5416184 | 18346177 | 10/3/2019 | 10/17/2019 | Philip  Walters | Item: VCON Food Pack - Basic | 50.00 |
| 5416184 | 18346177 | 10/3/2019 | 10/17/2019 | Philip Walters | Item: VCON Food Pack - Basic | 50.00 |
| 5416184 | 18346177 | 10/3/2019 | 10/17/2019 | Philip Walters | Item: VCON Pack and Play Crib Rental | 79.94 |
| 5526673 | 18358554 | 10/1/2019 | 10/15/2019 | Rebecca Long | Item: VCON Pool Heat | 490.00 |
| 5891131 | 18573956 | 10/31/2019 | 11/13/2019 | Richard Hailston | Item: VCON Pool Heat | 245.00 |
| 5722705 | 18342850 | 10/28/2019 | 11/7/2019 | Rosalia  Ferlita | Item: VCON BBQ Grill Rental | 78.57 |
| 5935874 | 18905397 | 10/11/2019 | 10/25/2019 | Scott  Robinson | Item: VCON Pool Heat | 490.00 |
| 5935874 | 18905397 | 10/11/2019 | 10/25/2019 | Scott  Robinson | Item: VCON Accidental Damage Waiver | 60.00 |
| 5660588 | 18340619 | 10/26/2019 | 11/9/2019 | Stephen  Limm | Item: VCON Pool Heat | 490.00 |
| 5391276 | 18359403 | 10/7/2019 | 10/21/2019 | Stephen Mcdonald | Item: VCON Pool Heat | 490.00 |
| 5724367 | 18357594 | 10/20/2019 | 11/3/2019 | Stephen Seymour | Item: VCON Pool Heat | 490.00 |
| 5697594 | 18358941 | 10/12/2019 | 10/26/2019 | Susan  Sayer | Item: VCON Pool Heat | 490.00 |
| 5428727 | 18346116 | 10/28/2019 | 11/11/2019 | Susan Padington | Item: VCON Pack and Play Crib Rental | 80.00 |
| 5697594 | 18358941 | 10/12/2019 | 10/26/2019 | Susan Sayer | Item: VCON BBQ Grill Rental | 110.00 |
| 5505696 | 18357621 | 10/26/2019 | 11/9/2019 | Venner Raymond | Item: VCON Pool Heat | 420.00 |
| 5505696 | 18357621 | 10/26/2019 | 11/9/2019 | Venner  Raymond | Item: VCON Accidental Damage Waiver | 60.00 |
| 5658995 | 18341935 | 10/31/2019 | 11/14/2019 | Victoria  Connolly | Item: VCON Wooden Crib Rental | 110.00 |
| | | | | | | $ 20,932.90 |

Exhibit E

| Vhols Ref | Booking ID | Arrival Date | Departure Date | Guest Name | Description | Price |
|---|---|---|---|---|---|---|
| 5883026 | 18514418 | 11/9/2019 | 11/23/2019 | Alan Woodcock | Item: VCON Accidental Damage Waiver | 60.00 |
| 5765641 | 18343968 | 11/9/2019 | 11/16/2019 | David  Plenderleith | Item: VCON Pool Heat | 245.00 |
| 5494064 | 18344208 | 11/14/2019 | 11/28/2019 | Emily  O'neill | Item: VCON Food Pack - Luxury | 80.00 |
| 5494064 | 18344208 | 11/14/2019 | 11/28/2019 | Emily  O'neill | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5593055 | 18667183 | 11/9/2019 | 11/16/2019 | Gareth  Rees | Item: VCON Accidental Damage Waiver | 60.00 |
| 5847371 | 18346921 | 11/7/2019 | 11/11/2019 | Garry Waters | Item: VCON Clean Fee | 90.00 |
| 5847371 | 18346921 | 11/7/2019 | 11/11/2019 | Garry Waters | Item: VCON Upgrade Booking | 125.00 |
| 5569194 | 18344379 | 11/2/2019 | 11/16/2019 | Gayle  Bayliss | Item: VCON Pack and Play Crib Rental | 80.00 |
| 5569194 | 18344379 | 11/2/2019 | 11/16/2019 | Gayle  Bayliss | Item: VCON Accidental Damage Waiver | 60.00 |
| 5337714 | 18358566 | 11/6/2019 | 11/20/2019 | Jeanette  Saunders | Item: VCON Accidental Damage Waiver | 60.00 |
| 5879724 | 18470593 | 11/11/2019 | 11/13/2019 | Julie  Finnegan | Item: VCON Clean Fee | 100.00 |
| 5693192 | 18343173 | 11/16/2019 | 12/7/2019 | Karen(Victoria) Knight | Item: VCON Accidental Damage Waiver | 60.00 |
| 5660065 | 18358150 | 11/3/2019 | 11/17/2019 | Kerry Martin | Item: VCON Food Pack - Basic | 50.00 |
| 5617533 | 18345441 | 11/2/2019 | 11/16/2019 | Kim  Goldfinch | Item: VCON Pool Heat | 245.00 |
| 5927320 | 18858484 | 11/9/2019 | 11/23/2019 | Larissa  Dean | Item: VCON Pack and Play Crib Rental | 80.00 |
| 5927320 | 18858484 | 11/9/2019 | 11/23/2019 | Larissa  Dean | Item: VCON Highchair Rental | 76.00 |
| 5668365 | 18358884 | 11/3/2019 | 11/16/2019 | Marian Bennett | Item: VCON Wooden Crib Rental | 102.14 |
| 5655368 | 18340236 | 11/23/2019 | 12/7/2019 | Mark  La Vardera | Item: VCON Accidental Damage Waiver | 60.00 |
| 5721134 | 18344318 | 11/18/2019 | 11/25/2019 | Michelle  Davis | Item: VCON Wooden Crib Rental | 55.00 |
| 5721134 | 18344318 | 11/18/2019 | 11/25/2019 | Michelle  Davis | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5961844 | 19050635 | 11/28/2019 | 12/9/2019 | Paul  Foster | Item: VCON Pack and Play Crib Rental | 62.86 |
| 5918837 | 18784900 | 11/1/2019 | 11/11/2019 | Peter Macellaro | Item: VCON Late Check Out | 70.00 |
| 5672115 | 18344097 | 11/15/2019 | 11/29/2019 | Robert  Hammerton | Item: VCON Wooden Crib Rental | 110.00 |
| 5672115 | 18344097 | 11/15/2019 | 11/29/2019 | Robert  Hammerton | Item: VCON Food Pack - Basic | 50.00 |
| 5672115 | 18344097 | 11/15/2019 | 11/29/2019 | Robert  Hammerton | Item: VCON Accidental Damage Waiver | 60.00 |
| 5672115 | 18344097 | 11/15/2019 | 11/29/2019 | Robert  Hammerton | Item: VCON Cleaning Supplies Kit | 27.00 |
| 5833840 | 18341735 | 11/30/2019 | 12/10/2019 | Ryan  Collings | Item: VCON Pool Heat | 350.00 |
| 5758658 | 18359461 | 11/4/2019 | 11/14/2019 | Trinity Leigh | Item: VCON Accidental Damage Waiver | 60.00 |
| | | | | | | $  2,532.00 |